UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| J.P.,<br><br>               Petitioner,<br><br>        v.<br><br>ERNESTO SANTACRUZ JR., et al.,<br><br>             Respondents. | Case No. 8:25-cv-02710-FWS-JDE<br><br>ORDER GRANTING FIRST AMENDED PETITION, IN PART, AND DISMISSING FIRST AMENDED PETITION, IN PART |

**I.**

**PROCEEDINGS**

On December 5, 2025, J.P. ("Petitioner"), proceeding under a pseudonym and through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking to prevent Respondents "from unlawfully re-detaining him" at a December 5, 2025, scheduled check-in with Immigration and Customs Enforcement ("ICE"). Dkt. 1. After Petitioner withdrew his request for a temporary restraining order (Dkt. 6), on December 19, 2025, the assigned magistrate judge issued an Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction due to a lack of justiciable case or controversy under Article III. Dkt. 8 ("OSC").

On December 26, 2025, Petitioner filed a First Amended Petition, again seeking to bar his re-detention and adding claims based on increased reporting requirements and an ankle monitor ("new release requirements").  Dkt. 11 ("FAP").  On January 9, 2026, Petitioner filed a Response to the OSC.  Dkt. 13.  Without making any finding on the substance of the Response to the OSC or the FAP, on January 9, 2026, the magistrate judge discharged the OSC and ordered Respondents to file a response to the FAP.  Dkt. 14.  On February 6, 2026, Respondents filed an Answer.  Dkt. 19.  Petitioner filed a Reply on February 20, 2026.  Dkt. 20.  In response to an order requiring supplemental briefing (Dkt. 22), on March 31, 2026, Petitioner filed a Response (Dkt. 23) and Respondents filed a Supplemental Brief (Dkt. 24, "Resp. Suppl.").

The First Amended Petition is fully briefed and ready for decision.

## II.

## BACKGROUND

Petitioner has lived in the United States since he was less than one-year-old.  FAP ¶ 25.  He has a lengthy criminal history, including a conviction for voluntary manslaughter, which resulted in a sixteen-year prison sentence. See id. ¶¶ 28-30; Dkt. 19-1 (Declaration of Brenden J. Robbins ["Robbins Decl."]) ¶ 10.  Upon release from prison, he was taken into ICE custody. FAP ¶ 35. Petitioner filed an application for asylum, withholding, and protection under the Convention Against Torture on March 28, 2022. Id. ¶ 36.  The Immigration Judge ("IJ") denied relief and ordered Petitioner's removal to Mexico. Id. ¶ 37.  Petitioner appealed and the Board of Immigration Appeals remanded his case to the IJ. Id. ¶¶ 38-39.  On August 17, 2023, the IJ granted Petitioner's application for deferral of removal under the Convention Against Torture.  The Department of Homeland Security ("DHS") appealed, which remains pending.  Id. ¶ 40.  On June 5, 2025, Petitioner submitted an application for a U Visa.  Id. ¶ 41.

2

After being detained for approximately 15 months, on February 10, 2023, Petitioner filed a habeas petition challenging his mandatory detention under 8 U.S.C. § 1226(c) as unconstitutionally prolonged, which was granted. FAP ¶ 42. On August 18, 2023, an IJ ordered Petitioner's release on a $1500 bond with "Alternatives to Detention at DHS discretion but not to include ankle/electronic monitoring." Id., Exh. A. The Order of Supervision ("OSUP"), dated August 21, 2023, included the following condition:

> Your release is contingent upon your enrollment and successful participation in an Alternatives to Detention (ATD) program as designated by the U.S. Department of Homeland Security. As part of the ATD program, you will be subject to electronic monitoring and may be subject to curfew. Failure to comply with the requirements of the ATD program will result in a redetermination of your release conditions or your arrest and detention.

Id., Exh. B. The OSUP also required that Petitioner not commit any crimes. Id. Petitioner was released on August 23, 2023 and enrolled in the Intensive Supervision Appearance Program ("ISAP"). Id. ¶ 44. It appears electronic monitoring was not utilized at that time, and Petitioner did not challenge this condition in the OSUP.

Almost two years later, on or about July 19, 2025, Petitioner was arrested for "Obstruct/Etc Public Officer/Etc in violation of CPC § 148(a)(1) a misdemeanor; and Possession of Marijuana 10oz or less while Driving in violation of VC § 42103, an infraction." Robbins Decl. ¶ 20. To date, no charges have been filed. FAP ¶ 50. Following his arrest, Petitioner was scheduled for an ICE check-in on July 29, 2025, which prompted Petitioner to file a prior habeas petition seeking to prevent his re-detention. Id. ¶ 51; see also J.P. v. Santacruz Jr., et al., Case No. 8:25-cv-01640-FWS-JC (C.D. Cal.)

("Prior Action").  The Prior Action was later dismissed for lack of Article III standing.  Prior Action, Dkt. 31.

At the July 29, 2025 check-in, ICE agents apparently increased Petitioner's reporting requirements, requiring in-person office visits every 16 weeks and weekly virtual check-ins.  Dkt. 11-2 (Declaration of Petitioner ["Pet. Decl."] ¶ 18.  Additional reporting requirements followed at the next check-in on October 9, 2025. Id. ¶ 19.

Prior to Petitioner's December 5, 2025, check-in, Petitioner's counsel attempted to determine whether ICE intended to arrest Petitioner.  FAP ¶ 7. When no assurances were forthcoming, Petitioner filed the instant action, together with the request for a temporary restraining order.  According to Petitioner, at the December 5, 2025, check-in, an ICE agent told him he was not being re-detained that day "because of the TRO."  Petitioner's ISAP case specialist also told him that "she understood ICE was planning to detain him at his in-person appointment that day." Id. ¶ 9.

At Petitioner's December 5, 2025, check-in, ICE agents required Petitioner to wear an ankle monitor, which Petitioner contends violates the IJ's bond order, and advised him that the change was due to his "police interaction."  FAP ¶ 56; Pet. Decl. ¶ 20.  ICE agents also now require Petitioner to submit to a home visit every four weeks and attend in-person check-ins every four weeks.  Pet. Decl. ¶ 21.

### III.

### DISCUSSION

Petitioner asserts three grounds for relief.  First, he contends that ICE "has made clear that they intend to re-detain" him, which would violate his procedural due process rights by depriving him of a pre-deprivation hearing. FAP at 35-36.  Second, Petitioner contends that re-arresting him without first being provided a hearing would violate his substantive due process rights and

his liberty interests have been unreasonably restrained by the new release requirements. Id. at 37-38. Finally, Petitioner contends that the new release requirements violate the Administrative Procedure Act ("APA"). Id. at 38-39. As for relief, Petitioner seeks: an order enjoining Respondents "from detaining [him] unless he is afforded a hearing before a neutral arbiter in which the government proves by clear and convincing evidence that the conditions of his release should be modified based on flight risk or danger to the community"; an order enjoining "Respondents from re-detaining [him] unless his redetention is ordered at a custody hearing before a neutral arbiter in which the government proves, by clear and convincing evidence, that the conditions of his release should be modified based on flight risk or danger to the community"; an order enjoining Respondents "from re-detaining Petitioner because any revocation of his release would violate his rights under the INA and its implementing regulations, and APA"; order the removal of Petitioner's ankle monitor; order Respondents to reduce Petitioner's reporting requirements to what they were before his July 29, 2025, check-in; and declarations that his "arrest and detention would violate the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act," "Respondents may not re-detain Petitioner because any revocation of release would violate his rights under the INA and its implementing regulations, and the Administrative Procedure Act," "forcing Petitioner to wear an electronic ankle monitor without justification violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act," and "Petitioner's increase in reporting requirements over the last approximately five months, violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act." Id. at 39-40.

As to Petitioner's claims seeking to prevent his re-detention, the Court finds Petitioner lacks Article III standing. Article III of the United States

Constitution limits the jurisdiction of federal courts to actual cases and controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" and contains three elements: (1) the plaintiff must have suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the challenged conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006). To satisfy the petitioner's burden, the "threatened injury must be certainly impending to constitute injury in fact, and . . . [a]llegations of possible future injury are not sufficient." See Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (citation and internal quotation marks omitted).

As noted, this is not the first time Petitioner has filed a habeas petition seeking to prevent his future re-detention. Prior Action, Dkt. 1. The Court dismissed the Prior Action on October 24, 2025, finding Petitioner lacked Article III standing to raise a similar challenge to his potential re-detention, explaining:

> Critically, the event giving rise to Petitioner's fears has now passed and Petitioner has not been detained or arrested. To the extent Petitioner challenges his future detention and/or arrest at another physical appointment, the court finds Petitioner fails to present sufficient allegations or evidence of the threat of future injury to confer Article III standing. See Trump, 932 F.3d at 764; see also, e.g., Timothy Robbins. After the TRO expired and no further injunction was ordered, Petitioner had a physical appointment at ICE's ATD Intensive Supervision Attendance Program on October 9, 2025, where he was not detained or

arrested.  Because Petitioner fails to present sufficient allegations or evidence of an injury or threat of injury, the court finds the court lacks subject matter jurisdiction.  See Trump, 932 F.3d at 764; see also Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) ("If a case is not ripe for review, then there is no case or controversy, and the court lacks subject matter jurisdiction."); De Anda v. Ford Motor Co., Inc., 668 F. Supp. 3d 976, 985 (C.D. Cal. 2023) ("If a case is not ripe for adjudication, then courts lack subject matter jurisdiction and should dismiss on that basis."); Temple v. Abercrombie, 903 F. Supp. 2d 1024, 1030 (D. Haw. 2012) (stating "[n]o case or controversy exists if a plaintiff lacks standing or if a case is not ripe for adjudication . . . and consequently a federal court lacks subject matter jurisdiction").

Prior Action, Dkt. 31 at 6-7 (internal citations omitted).  A mere six weeks later Petitioner filed the instant action, again seeking to prevent his re-detention.  Circumstances have not changed since the Prior Action was dismissed.  Petitioner contends that ICE intended to detain him at his December 5, 2025 check-in, but did not do so because of the pending request for a temporary restraining order.  FAP ¶ 58.  However, no temporary restraining order was issued.  Multiple home visits and in-person office visits have been scheduled since that time (see Pet. Decl. ¶ 25), and he has not been arrested or re-detained.  As in the Prior Action, Petitioner has failed to present sufficient allegations or evidence of the threat of future injury to confer Article III standing.  As such, Petitioner's claims regarding re-detention must be dismissed without prejudice.

As to Petitioner's claims regarding the new release requirements, Petitioner contends that "without any justification and in violation of the IJ's

bond order, ICE forced [him] to wear an[] ankle monitor" and "drastically increased his reporting requirements." FAP ¶ 125. Respondents dispute this, arguing that Petitioner's arrest constituted a material change in circumstances, specifically, a violation of Petitioner's OSUP, authorizing DHS to alter the ATD terms to reflect this change of circumstance. Resp. Suppl. at 2. However, it is unclear from the record whether Petitioner was provided sufficient notice and an opportunity to contest this alleged change in circumstance.

In their Supplemental Response, Respondents indicate they "would be amenable to the ankle monitor issue being addressed at a custody re-determination hearing, and believe it would generally be appropriate in this specific case." Although Respondents have set forth other procedures available to challenge Petitioner's ATD conditions, none of which Petitioner appears to have utilized, Respondents indicate that "to the extent an Immigration Judge were to consider the changed circumstances issue pursuant to a District Court order, it would obviate the dispute." Resp. Suppl. at 5. As such, the Court orders Respondents to provide Petitioner a custody re-determination hearing before an IJ based on changed circumstances, at which he will be provided an opportunity to challenge his new release requirements.

## IV.

## ORDER

IT IS THEREFORE ORDERED THAT:

(1)    The Referral to the Magistrate Judge (Dkt. 5) is VACATED;

(2)    Judgment shall be entered:

a. Granting the First Amended Petition, in part, with Respondents ORDERED to provide Petitioner a custody re-determination hearing before a neutral decisionmaker based on changed circumstances within fourteen (14) days from the date

8

of this order; and

     b.  denying the First Amended Petition in all other respects without prejudice.

Dated: April 3, 2026

_____

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

Presented By:

_____

Hon. John D. Early
UNITED STATES MAGISTRATE JUDGE

9